# New Supreme Court Opinions

## No. 67

### MARQUA v. MARTIN

Ohio Supreme Court, No. 17844

Decided December 4, 1923

The full opinion will appear in 109 or 110 OS.

**703. LANDLORD AND TENANT—Owner of building out of possession, not liable to persons on the premises, invitees of lessee, in the absence of contract or statute.**

**1105. STATUTES—Language of codified section construed by meaning of the words used, regardless of prior statute—12578 GC., so far as its provisions apply to one who constructs a building, limited by succeeding fourteen sections.**

For official syllabus of Supreme Court, see 1 Abs. 862.

MATTHIAS, J.

#### Epitomized Opinion

First Publication of this Opinion

This action was for damages, brought by Carolyn P. Martin against Charles P. Marqua

## OHIO SUPREME COURT—Continued

and another in the Hamilton Common Pleas, claimed by reason of the breaking down of the theater lobby floor of a Cincinnati building of which Marqua was owner and one Volker was the lessee and conductor of the theater.

Plaintiff in her petition averred that she had entered the lobby, then crowded, as a patron, and that the floor gave way causing the injury she complained of. That the lobby floor was too weak, and was defectively and dangerously constructed.

Upon trial in the Common Pleas a verdict was directed in favor of Marqua, and Volker was dismissed. The judgment was reversed by the Court of Appeals, and that of the Common Pleas affirmed. Motion was filed for an order certifying the record for review and allowed, and thus the case reached the Supreme Court, which held:

That as Marqua reserved no control or supervision whatever over the premises during the lease period, the owner was not liable, to an invitee of the lessee. That it had been clearly and definitely decided in this state that there was no liability on the part of the landlord in such a case, unless it arose out of a failure to discharge a duty prescribed by statute, citing 26 OS. 393; 32 OS. 264; 68 OS. 328, and 83 OS. 339.

It was the opinion of the trial court that 12578 GC., which had application to the builder and owner of a structure, were only that he should comply with the details set forth in the fourteen succeeding sections, while the requirements of that one section have reference only to alterations in any such building. The Court of Appeals adopted the view, that the language referred not only to additions and alterations, but also to new construction. The Supreme Court held with the Common Pleas.

That it can scarcely be said that 12578 GC. is a mere continuation in the codification of 4238-1 Rev. Stat. The language of the new section is enlarged and is plain and unambiguous, and it is the duty of the court to give it the effect required by the plain and ordinary signification of the words used, whatever may have been the language of the prior section. State v. Williams, 104 OS. 232.

It therefore follows that the judgment of the Court of Appeals should be reversed and that of the Common Pleas affirmed.